```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
LASHONDA COATES,                        :
                                        :
                    Plaintiff,          :    15 Civ. 3955(JPO)
                                        :
          -against-                     :
                                        :    COMPLAINT AND
THE CITY OF NEW YORK,                   :    JURY DEMAND
THE NEW YORK CITY POLICE DEPARTMENT,    :
NEW YORK CITY POLICE OFFICER            :
CARYL PFEIFFER,                         :
and JOHN DOES I-V,                      :
                                        :
                    Defendants.         :
----------------------------------------X
```

Plaintiff Lashonda Coates, by her attorneys ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP, alleges as follows:

PRELIMINARY STATEMENT

1.  This is an action for damages against employees of the New York City Police Department ("NYPD") who violated the civil and constitutional rights of the Plaintiff by falsely arresting and imprisoning her at approximately 1:00 a.m. on the morning of September 2, 2014; against the NYPD for its failure to take corrective action and to implement meaningful procedures to prevent excessive conduct by police officers against citizens; and against the CITY OF NEW YORK, which is sued as a person pursuant to 42 U.S.C. § 1983.

1

## JURISDICTION AND VENUE

2. Plaintiff institutes these proceedings and invokes the jurisdiction of this Court, pursuant to 28 U.S.C. § 1343, to obtain costs of suit, including reasonable attorney's fees, and to recover damages suffered by Plaintiff and caused by the Defendants' violation of Plaintiff's rights as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and by federal statutory law, particularly 42 U.S.C. § 1983.

3. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States.

4. The violation of Plaintiff's rights alleged herein occurred within the City, County, and State of New York.

## PARTIES

5. Plaintiff LASHONDA COATES is a citizen of the United States of America and was at all times relevant herein an individual residing in the State of New York, with her residence address located in the Bronx, New York.

6. Police Officers CARYL PFEIFFER and JOHN DOES I – V are police officers employed by the NYPD and at all relevant times herein were acting in the capacity of agents, servants, and

employees of the Defendant CITY OF NEW YORK. They are each sued individually and in their official capacities.

7. Defendant CITY OF NEW YORK is a municipal corporation organized and existing pursuant to and by virtue of the laws of the State of New York.

8. At all times relevant herein, Defendants PFEIFFER and JOHN DOES I – V, and their agents, assistants, and employees acted pursuant to the policies, regulations or decisions officially adopted or promulgated by agents of the NYPD, whose acts may fairly be said to represent official policy or governmental custom of the NYPD and the CITY OF NEW YORK.

## FACTUAL ALLEGATIONS

9. On or about September 2, 2014, at approximately 1:00 a.m., Plaintiff was walking on the sidewalk at 42nd Street between Eighth and Ninth Avenues in Manhattan.

10. As she was walking on 42nd Street, Plaintiff was approached by two individuals who shouted at her and then sprayed her in the face with mace.

11. Soon afterwards, two police officers, Defendants JOHN DOES I AND II, approached Plaintiff and began to ask her questions. Plaintiff informed Defendants JOHN DOES I and II that she had been maced and that the two individuals who had and maced her had fled down 42nd Street in the direction of Ninth Avenue.

12. Plaintiff accompanied Defendants JOHN DOES I and II towards Ninth Avenue, and she observed the two individuals who had maced her through the window of a store. Plaintiff identified the two individuals, and Defendant JOHN DOE I entered the store and spoke to the individuals who had previously maced Plaintiff.

13. After speaking with the two individuals inside the store, Defendant JOHN DOE I exited the store, gave Plaintiff a bottle of water, and told her to take a walk. Plaintiff inquired whether the individuals who had maced her would be arrested, but JOHN DOES I and II did not answer and again instructed her to take a walk.

14. Plaintiff began to walk away from the area, and as she was walking down 44th Street, between Eighth and Ninth Avenues, she was again approached by the two individuals who had previously maced her, along with another individual. At that time, the three individuals attacked Plaintiff and beat her with their fists and legs.

15. Plaintiff was under attack for several minutes, and she was on the ground attempting to defend herself when a police vehicle arrived.

16. Several officers, including Defendant PFEIFFER and JOHN DOES III – V, exited the police vehicle and physically pulled the three individuals away from Plaintiff.

17. Soon thereafter, an ambulance arrived, and Plaintiff was given medical attention inside the ambulance for injuries she sustained as a result of (1) the mace that had been sprayed in her face on 42nd Street; and (2) the beating that she had been subjected to on 44th Street.

18. Plaintiff was interviewed by Defendant JOHN DOE III, who asked for her identification. The individuals who attacked her were interviewed separately by other Officers, including Defendant PFEIFFER and Defendants JOHN DOES IV and V.

19. After several minutes, without cause or explanation, Plaintiff was handcuffed and placed in a police vehicle. Upon information and belief, none of the three individuals who had attacked Plaintiff were handcuffed or arrested.

20. Plaintiff was then driven to a police precinct, where she was falsely charged with criminal conduct. Specifically, Defendants PFEIFFER and JOHN DOES III – V falsely charged Plaintiff with assaulting, attempting to assault, and harassing one of the three individuals who had attacked her on 44th Street.

21. The allegation of criminal activity on Plaintiff's part was untrue and unfounded. Plaintiff had not previously committed any crime or infraction, was not committing any crime or infraction, and was not in possession of any contraband at the time she was unlawfully seized and arrested by the Defendants.

22. After Plaintiff was seized and arrested, she was transported to a nearby precinct, where she was fingerprinted, photographed, patted down, searched, and placed in a holding cell for several hours.

23. Plaintiff was then taken from her holding cell and transported to Central Booking, where she was placed in a cell and held for approximately two hours until she was arraigned before a criminal court judge.

24. Plaintiff was formally charged in a misdemeanor complaint, executed by Defendant PFEIFFER, with two counts of Assault, in violation of New York Penal Law (P.L.) § 120.00(1) and (2), one count of Attempted Assault in the Third Degree, in violation of P.L. §§ 110 and 120.00(1), and one count of Harassment in the Second Degree, in violation of P.L. § 240.26(1).

25. At her arraignment on September 2, 2014, the Criminal Court ordered that Plaintiff be held on one thousand and five hundred dollars ($1,500.00) bail.

26. Plaintiff was then returned to a holding cell, where she was held for several hours. Thereafter she was transported to Rikers Island, where she was held for approximately three days.

27. While on Rikers Island, Plaintiff was fingerprinted, photographed, and strip searched on at least one occasion.

28. On September 5, 2015, Plaintiff was transported from Rikers Island to Criminal Court, and some time in the afternoon she was released by the court on her own recognizance, and her criminal case was adjourned until October 16, 2014.

29. On October 16, 2014, the criminal case against Plaintiff was dismissed and sealed on motion of the prosecution, pursuant to Section 160.50 of the New York Criminal Procedure Law.

30. As a direct and proximate result of the acts of the Defendants, Plaintiff has suffered and will continue to suffer from loss of liberty, embarrassment, mental suffering, and emotional anguish.

31. Upon information and belief, Defendants JOHN DOES I and II failed to perform their duty as Officers of the New York City Police Department in protecting Plaintiff from the individuals who assaulted and beat her.

32. As a result of this failure to protect Plaintiff, and as a consequence of the negligence of JOHN DOES I and II in failing to arrest or otherwise detain or restrain the individuals who had previously maced Plaintiff, Plaintiff was thereafter attacked, beaten, and physically injured by those individuals.

33. Upon information and belief, Defendants PFEIFFER and JOHN DOES III - V fabricated allegations of criminal misconduct

Case 1:15-cv-03955-JPO   Document 1   Filed 05/22/15   Page 8 of 17

against Plaintiff. Specifically, the Defendants falsely alleged that Plaintiff had committed the crimes of assault, attempted assault, and harassment.

34. As a result of these fabricated allegations and omissions, Plaintiff was wrongfully arrested, incarcerated, and held in police custody for approximately three days, falsely charged with a crime, repeatedly searched, strip searched on at least one occasion, and was forced to defend herself in Criminal Court.

## FEDERAL CAUSES OF ACTION

35. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

36. The above described actions and omissions, engaged in under color of state authority by the Defendants, including Defendant CITY OF NEW YORK, deprived Plaintiff of rights secured to her by the Constitution of the United States, including, but not limited to, her Fourth Amendment right to bodily integrity and to be free from unlawful seizure of her person.

## PENDENT CAUSE OF ACTION FOR NEGLIGENCE

37. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

38. Heretofore, on or about October 31, 2014, Plaintiff caused a written and duly verified Notice of Claim to be filed with the proper agents of the City of New York in accordance with the provisions of the General Municipal Law of the State of New York. Plaintiff's claim has not been adjusted or otherwise disposed of since that time.

39. Defendants JOHN DOES I and II negligently failed to protect Plaintiff from avoidable and foreseeable danger from individuals who they knew or should have known were liable to attack Plaintiff, and as a consequence of such negligence, Plaintiff was thereafter physically attacked, beaten, and injured by those individuals.

40. As a result of Defendants' negligence, Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

<u>PENDENT CAUSE OF ACTION FOR FALSE ARREST</u>

41. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

42. Heretofore, on or about October 31, 2014, Plaintiff caused a written and duly verified Notice of Claim to be filed with the proper agents of the City of New York in accordance with the provisions of the General Municipal Law of the State of New York. Plaintiff's claim has not been adjusted or otherwise disposed of since that time.

43. Defendants PFEIFFER and JOHN DOES III - V subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

44. As a result of Plaintiff's false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

## PENDENT CAUSE OF ACTION FOR MALICIOUS PROSECUTION

45. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

46. Heretofore, on or about October 31, 2014, Plaintiff caused a written and duly verified Notice of Claim to be filed with the proper agents of the City of New York in accordance with the provisions of the General Municipal Law of the State of New York. Plaintiff's claim has not been adjusted or otherwise disposed of since that time.

47. The aforesaid seizure and arrest of Plaintiff on September 2, 2014 was the result of the maliciously false and perjurious information given to the office of the District Attorney for New York County by Defendants New York City Police Department, Officer PFEIFFER, and JOHN DOES III - V, with the intent to cause Plaintiff to be charged with criminal conduct under the laws of New York State.

10

48. In reliance upon the false information contained in the complaint prepared by Defendant PFEIFFER, and by reason of the withholding by the Defendants of the true facts relating to Plaintiff's innocence, Defendant NYPD and Defendants PFEIFFER and JOHN DOES III - V caused Plaintiff to be prosecuted by the District Attorney's Office.

49. By reason of the aforesaid arrest and malicious prosecution, Plaintiff has been injured and has suffered and continues to suffer great mental distress.

50. By reason of the foregoing, Plaintiff has been damaged by the defendants' acts and conduct in the sum of one million ($1,000,000) dollars.

CAUSES OF ACTION AGAINST MUNICIPALITY AND DEFENDANT NYPD

51. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

52. Defendants CITY OF NEW YORK and the NYPD knew or should have known of the propensity of Defendants PFEEIFFER and JOHN DOES I - V to engage in the negligent, illegal, and wrongful acts detailed above and/or as a matter of policy and practice, have with deliberate indifference, failed to take steps to uncover and/or correct such conduct. Upon information and belief, Defendants CITY OF NEW YORK and the NYPD had prior notice of the dishonest and/or negligent propensities of

Defendants PFEIFFER and JOHN DOES I - V, but took no adequate steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

53. Acting under color of law, by and through the policy-makers of the CITY OF NEW YORK, and pursuant to official policy or custom and practice, Defendants CITY OF NEW YORK and the NYPD intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the CITY OF NEW YORK, failed to effectively screen, hire, train, instruct, supervise, control and discipline, on a continuing basis, their police officers, including Defendants PFEIFFER and JOHN DOES I - V, for their negligent and/or unlawful propensities, including failing to protect members of the public from foreseeable dangers, fabricating criminal charges, and falsely swearing to criminal complaints against citizens for the purpose of shielding themselves against criminal and/or civil liability for violations of civil rights; and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing Defendants PFEIFFER and JOHN DOES I - V to be in a position to cause Plaintiff injuries and violate Plaintiff's federal and state constitutional rights, and/or to permit these actions to take place without Plaintiff's knowledge or consent.

54. Defendants CITY OF NEW YORK and the NYPD had knowledge, or should have had knowledge, that the wrongs heretofore alleged, or other unlawful or unconstitutional acts, were going to be committed by its employees and agents. Defendants CITY OF NEW YORK and the NYPD had the power, authority and duty to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, recklessly or with deliberate indifference to the rights of the inhabitants of the CITY OF NEW YORK, failed to do so.

55. On information and belief, Defendants CITY OF NEW YORK and the NYPD maintained an inadequate structure for risk containment and stress management relative to its police officers, and failed to create proper means of containing such risk and managing such stress. On information and belief, such structure was deficient at the time of selection of police officers, and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the performance of individual police officers; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer; and in its ability to otherwise put the command structure on notice that an individual or individuals were at significant levels of risk to the public at large or to specific segments thereof. The effect

of this was to permit police officers of the NYPD to function at levels of significant and substantial risk to the public in general.

56. As a result of the foregoing conscious policies, practices, customs and/or usages, Defendants CITY OF NEW YORK and the NYPD have permitted and allowed the employment and retention of individuals as police officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of improper behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the Plaintiff's injuries.

57. As a result of the foregoing, Plaintiff was deprived of liberty, sustained emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## NEGLIGENT HIRING, SCREENING, RETENTION SUPERVISION AND TRAINING

58. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

59. Defendants CITY OF NEW YORK and the NYPD negligently hired, screened, retained, supervised and trained Defendants PFEIFFER and JOHN DOES I – V. The acts and conduct of Defendants PFEIFFER and JOHN DOES I – V were the direct and proximate cause

of damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York. As Defendant CITY OF NEW YORK is the employer of Defendants PFEIFFER and JOHN DOES I - V, Defendant CITY OF NEW YORK is liable to Plaintiff for negligent hiring, screening, retention, supervision and training.

60. As a result of the foregoing, Plaintiff was deprived of liberty, was subject to great humiliation, and was otherwise harmed, damaged, and injured, all to his damage in the amount of One Million ($1,000,000.00) Dollars.

## PUNITIVE DAMAGES CLAIM

61. As a result of the extreme, wanton, and outrageous nature of the conduct of Defendants PFEIFFER and JOHN DOES I - V in, among other things, arresting Plaintiff without cause or reason; reporting false criminal charges; and knowingly and willfully arresting Plaintiff without legal cause, Plaintiff is entitled to punitive damages in the amount of Three Million ($3,000,000.00) Dollars.

## RESPONDEAT SUPERIOR LIABILITY

62. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

63. At all times relevant herein, Defendants PFEIFFER and JOHN DOES I - V were acting within the scope of their employment as officers and agents of the NYPD and the CITY OF NEW YORK.

64. Defendant CITY OF NEW YORK is liable for compensatory and exemplary damages under the doctrine of *respondeat superior* or is liable to indemnify the individual defendants pursuant to provisions of the General Municipal Law for the tortious and unlawful acts of Defendants PFEIFFER and JOHN DOES I - V committed within the scope of their employment.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.   In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars as compensatory damages for each of Plaintiff's Pendent Causes of Action, and for appropriate damages on Plaintiff's federal claims;

B.   Awarding Plaintiff punitive damages against Defendants PFEIFFER and JOHN DOES I - III in the amount of Three Million ($3,000,000.00) Dollars;

C.   Awarding Plaintiff the reasonable attorney's fees, interest, costs and disbursements of this action; and

D.   Granting such other and further relief as this court deems just and proper.

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

Dated:    New York, New York
          May 19, 2014

                              _____
                              David Stern
                              Lucas Anderson
                              ROTHMAN, SCHNEIDER, SOLOWAY
                                  & STERN, LLP
                              Attorneys for PLAINTIFF
                              LASHONDA COATES
                              100 Lafayette Street, Ste. 501
                              New York, New York 10013