UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LASHONDA COATES,

                            Plaintiff,

          -against-

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
NEW YORK CITY POLICE OFFICER
CARYL PFEIFFER,
and JOHN DOES I-V,

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS THE CITY OF NEW YORK AND POLICE OFFICER CARYL PFEIFFER**

15 Civ. 3955 (JPO)

Jury Trial Demanded

Defendants THE CITY OF NEW YORK and POLICE OFFICER CARYL PFEIFFER (hereinafter referred to collectively as "Defendants")[1], by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

      1.   Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

      2.   Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke jurisdiction and seek costs, fees, and damages, as set forth therein.

      3.   Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke jurisdiction as set forth therein.

---

[1] The New York City Police Department is not a suable entity, and therefore is not a defendant. Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("The district court correctly noted that the NYPD is a non-suable agency of the City.")

4. Deny the allegations set forth in paragraph "4" of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint, except admit that on or about September 2, 2014, Caryl Pfeiffer was employed by the City of the New York as a Police Officer, and that plaintiff purports to proceed as set forth therein.

7. Admit the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that NYPD officers responded to the scene of an assault involving plaintiff.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that plaintiff received medical treatment on or about September 2, 2014.

18. Deny knowledge or information sufficient to forma belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that plaintiff was arrested on or about September 2, 2014.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that plaintiff was transported to the 14th Precinct, and that she was charged with assault with intent to cause physical injury pursuant to New York Penal Law ("NYPL") § 120.00 01.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit that on or about September 2, 2014, plaintiff was transported to the 14th Precinct where her arrest was processed.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that plaintiff was transported from the 14th Precinct to Central Booking, and was arraigned.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that plaintiff was charged with assault in the third degree pursuant to NYPL §§ 120.00 (1), 120.00 (2), attempted Assault in the Third Degree pursuant to NYPL §§ 110, 120.00 (1), and harassment in the second degree pursuant to § 240.26(1).

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint, except admit that bail was set.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint, except admit that plaintiff was transported to Rikers Island, and released on or about September 5, 2014.

27. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "27" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint, except admit that plaintiff was released on her own recognizance on or about September 5, 2014.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint, except admit that on or about October 16, 2014, the criminal case bearing docket number 2014NY067650 was dismissed and sealed.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. In response to the allegations set forth in paragraph "35" of the Complaint, Defendants repeat and reallege the responses set forth within the preceding paragraphs as though fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the Complaint, and further state that the allegations set forth therein regarding under color of state authority constitute conclusions of law, rather than averments of fact, and accordingly, require no response.

37. In response to the allegations set forth in paragraph "37" of the Complaint, Defendants repeat and reallege the responses set forth within the preceding paragraphs as though fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except admit that on or about October 31, 2014, The City of New York receive a document purporting to be a Notice of Claim on behalf of Lashonda Coates, and that such claim has not been adjusted or otherwise settled.

39. Deny the allegations set forth in paragraph "39" of the Complaint

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. In response to the allegations set forth in paragraph "41" of the Complaint, Defendants repeat and reallege the responses set forth within the preceding paragraphs as though fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the Complaint, except admit that on or about October 31, 2014, The City of New York receive a document purporting to be a Notice of Claim on behalf of Lashonda Coates, and that such claim has not been adjusted or otherwise settled.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45.   In response to the allegations set forth in paragraph "45" of the Complaint, Defendants repeat and reallege the responses set forth within the preceding paragraphs as though fully set forth herein.

46.   Deny the allegations set forth in paragraph "46" of the Complaint, except admit that on or about October 31, 2014, The City of New York receive a document purporting to be a Notice of Claim on behalf of Lashonda Coates, and that such claim has not been adjusted or otherwise settled.

47.   Deny the allegations set forth in paragraph "47" of the Complaint.

48.   Deny the allegations set forth in paragraph "48" of the Complaint.

49.   Deny the allegations set forth in paragraph "49" of the Complaint.

50.   Deny the allegations set forth in paragraph "50" of the Complaint.

51.   In response to the allegations set forth in paragraph "51" of the Complaint, Defendants repeat and reallege the responses set forth within the preceding paragraphs as though fully set forth herein.

52.   Deny the allegations set forth in paragraph "52" of the Complaint.

53.   Deny the allegations set forth in paragraph "53" of the Complaint, and further state that the allegations set forth therein regarding color of law constitute conclusions of law, rather than averments of fact, and accordingly, require no response.

54.   Deny the allegations set forth in paragraph "54" of the Complaint.

55.   Deny the allegations set forth in paragraph "55" of the Complaint.

56.   Deny the allegations set forth in paragraph "56" of the Complaint.

57.   Deny the allegations set forth in paragraph "57" of the Complaint.

58. In response to the allegations set forth in paragraph "58" of the Complaint, Defendants repeat and reallege the responses set forth within the preceding paragraphs as though fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. In response to the allegations set forth in paragraph "62" of the Complaint, Defendants repeat and reallege the responses set forth within the preceding paragraphs as though fully set forth herein.

63. Paragraph "63" of the Complaint sets forth conclusions of law, rather than averments of fact, and accordingly, requires no response.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

65. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

66. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

67. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the intervening culpable or negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of Defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

68. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

69. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

70. At all times relevant to the acts alleged in the Complaint, defendant The City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, defendant The City of New York is entitled to governmental immunity from liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

71. Plaintiff may have failed to mitigate her damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

72. There was reasonable suspicion and/or probable cause for any stop, seizure, detention and/or search.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

73. Defendant Pfeiffer has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and is therefore protected by qualified immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

74. At all times relevant to the acts alleged in the Complaint, Defendant Pfeiffer acted reasonably and in the proper and lawful exercise of her discretion.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

75. Some or all of plaintiff's claims may be precluded by collateral estoppel and/or res judicata.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

76. To the extent plaintiff allege claims under State law, such claims may be barred, in whole or in part, because plaintiff may have failed to comply with the conditions precedent to suit.

**WHEREFORE**, defendants THE CITY OF NEW YORK and POLICE OFFICER CARYL PFEIFFER request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           August 17, 2015

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the City of New York
                                        *Attorney for defendants City and Pfeiffer*

                                               /s/
                                   By:  _____
                                        Daniel H. Oliner
                                        Assistant Corporation Counsel
                                        Special Federal Litigation Division
                                        New York City Law Department
                                        100 Church Street, Room 3-209
                                        New York, New York 10007
                                        212.356.2329

To:    David M. Stern, Esq.
       *Counsel for plaintiff*
       (*via ECF*)

       Lucas Craig Arment Anderson, Esq.
       *Counsel for plaintiff*
       (*via ECF*)